**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 26-6187**

_____

JUAN ZAPATA,

        Petitioner - Appellant,

   v.

WARDEN FCI EDGEFIELD,

        Respondent - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  David C. Norton, District Judge.  (5:25-cv-03882-DCN)

_____

Submitted:  April 23, 2026                                    Decided:  April 28, 2026

_____

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Juan Zapata, Appellant Pro Se.  Charles W. Scarborough, Jennifer L. Utrecht, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Zapata, a federal prisoner, appeals the district court's order accepting the magistrate judge's recommendation and denying relief on Zapata's 28 U.S.C. § 2241 petition. In his petition, Zapata challenged a disciplinary hearing officer's ("DHO") finding that he possessed a hazardous tool (a cellphone) and the resulting revocation of good conduct time. We affirm.

"We review the district court's denial of habeas corpus relief de novo." *Valladares v. Ray*, 130 F.4th 74, 80 (4th Cir. 2025). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, "constitutional procedural due process protections extend to prison disciplinary proceedings that could adversely impact an inmate's liberty interests—such as the loss of good time credits at issue here." *Lennear v. Wilson*, 937 F.3d 257, 268 (4th Cir. 2019). "[I]n a disciplinary proceeding in which an inmate's liberty interests are at stake, government officials must provide the inmate with written notice of the charges at least 24 hours before the hearing as well as a written report after the hearing detailing the evidence relied upon and the reasons for the disciplinary action." *Id.* An inmate also "has a qualified right to call witnesses and present documentary evidence in his defense," *id.* (internal quotation marks omitted), as well as the opportunity to have assistance from others in understanding the legal issues in some circumstances, *Wolff*, 418 U.S. at 570.

On appeal, Zapata maintains that his due process rights were violated because of his delayed receipt of the DHO report, which affected his ability to file a meaningful appeal.

2

While "government officials must provide the inmate with . . . a written report after the hearing detailing the evidence relied upon and the reasons for the disciplinary action," *Lennear*, 937 F.3d at 268, *Wolff* and its progeny do not set a deadline for the issuance of the DHO report. Moreover, the list of procedural protections does not include the right to an administrative appeal. While it would have been preferable for the DHO to issue the report promptly, Zapata's delayed receipt of the report did not violate his due process rights.

Accordingly, we affirm the district court's order. *Zapata v. Warden FCI Edgefield*, No. 5:25-cv-03882-DCN (D.S.C., Dec. 18, 2025). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*